STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 07-1555


JEFFREY WARREN BENNETT

VERSUS

LINDA DAUZAT


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 225,673
HONORABLE GEORGE CLARENCE METOYER, JR., DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

**AFFIRMED IN PART AND REVERSED IN PART.**


Jesse Phillip Terrell, Jr.
Judge, Ad Hoc
P.O. 3671
Pineville, La 71360
(318) 561-4340
Counsel for Plaintiff/Appellant:
Jeffrey Warren Bennett

Randal Bryan Tannehill
Tannehill & Sylvester
2900 Military Hwy
Pineville, LA 71360
(318) 641-1550
Counsel for Defendant/Appellee:
Linda Dauzat

**SAUNDERS, Judge.**

This is a case about the ownership of a pickup truck upon the termination of two people's unmarried cohabitation. For the reasons set out below, we affirm in part and reverse in part the decision of the lower court.

**FACTS AND PROCEDURAL HISTORY:**

Mr. Jeffery Warren Bennett (hereinafter "Mr. Bennett") and Ms. Linda Dauzat (hereinafter "Ms. Dauzat") had an ongoing romantic relationship over a period of several years. Although Ms. Dauzat had title to a certain blue pickup truck, it was driven by Mr. Bennett for the majority of the time she owned it.

On October 17, 2005, Mr. Bennett obtained a loan disbursement check from Colfax Banking Company in the amount of $2,500.00. On the memorandum portion of that check, Mr. Bennett indicated that he was taking the loan for the purpose of buying a truck. Later that same day, Mr. Bennett endorsed the check and transferred it to American General Financial Services of Louisiana, Inc. (hereinafter "AGF"), in payment of an outstanding loan balance owed to AGF by Ms. Dauzat. Mr. Bennett contends that he intended to purchase the blue pickup truck belonging to Ms. Dauzat by transferring the check to AGF, but he claims that there was not a notary present at the time of transferring the check who would be qualified to sign such a title transfer. Thereafter, Mr. Bennett claims that Ms. Dauzat continually avoided having the transfer of title notarized. No act of sale or other document evidencing the transfer of the truck from Ms. Dauzat to Mr. Bennett was ever prepared or confected.

The relationship between Mr. Bennett and Ms. Dauzat thereafter ended. Ms. Dauzat made statements to the Rapides Parish Sheriff's Office, the LaSalle Parish Sheriff's Office, and the Police Department of the Town of Ball alleging that Mr. Bennett was in improper possession of the truck. Mr. Bennett was then arrested by

the Ball Police Department and the LaSalle Parish Sheriff's Office for various charges. However, at a trial held in Ball Municipal Court, Mr. Bennett was cleared of all charges there against him. Further, the District Attorney's Office in LaSalle Parish dismissed all charges against Mr. Bennett in their jurisdiction.

Mr. Bennett brought suit before the Honorable Judge George C. Metoyer of the Ninth Judicial District Court in Rapides Parish, Louisiana. Mr. Bennett argued that Ms. Dauzat's comments to the various authorities, and the arrests and legal processes occasioned thereby, constitute defamation of character. Mr. Bennett further contended that the $2,500.00 payment on the pickup truck constitutes conversion or, in the alternative, an unjust enrichment in favor of Ms. Dauzat. The trial court found for Ms. Dauzat on all claims. Mr. Bennett appealed to this court, asserting two assignments of error.

**ASSIGNMENTS OF ERROR:**

1.  Did the trial court err by not finding that Ms. Dauzat made malicious, slanderous, and untrue statements to law enforcement which amounted to defamation of Mr. Bennett's character?

2.  Did the trial court err by not making Mr. Bennett whole by either ordering the return of the $2,500.00 paid on the truck or requiring the appellant to surrender the truck and its title properly executed to Mr. Bennett?

**ASSIGNMENT OF ERROR #1:**

In his first assignment of error, Mr. Bennett argues that the trial court erred by not finding that Ms. Dauzat made malicious, slanderous, and untrue statements to law enforcement. We disagree.

The supreme court addressed the issue of slanderous statements in *Kennedy v.*

*Sheriff of East Baton Rouge*, 05-1418 (La. 7/10/06), 935 So.2d 669. There, the court proclaimed:

> [D]efamation is a tort involving the invasion of a person's interest in his or her reputation and good name. Four elements are necessary to establish a claim for defamation: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. The fault requirement is generally referred to in the jurisprudence as malice, actual or implied.
>
> By definition, a statement is defamatory if it tends to harm the reputation of another so as to lower the person in the estimation of the community, deter others from associating or dealing with the person, or otherwise expose the person to contempt or ridicule. In Louisiana, defamatory words have traditionally been divided into two categories: those that are defamatory per se and those that are susceptible of a defamatory meaning. Words which expressly or implicitly accuse another of criminal conduct, or which by their very nature tend to injure one's personal or professional reputation, without considering extrinsic facts or circumstances, are considered defamatory per se. When a plaintiff proves publication of words that are defamatory per se, falsity and malice (or fault) are presumed, but may be rebutted by the defendant. Injury may also be presumed. When the words at issue are not defamatory per se, a plaintiff must prove, in addition to defamatory meaning and publication, falsity, malice (or fault) and injury.

*Id.* at 674-75 (citations omitted). Thus, whether or not the allegedly defamatory statement is considered defamatory per se, the trial court's ultimate finding as to the falsity of the statement may prove dispositive of a defamation claim.

Here, the trial court found that Ms. Dauzat's statements to the police—specifically, her remarks indicating that Mr. Bennett possessed the truck in question without legal authority—were true statements. We agree. Ms. Dauzat had in her possession the title document to the truck, which listed her as the truck's sole owner. Within such circumstances, we cannot hold that the trial court was clearly erroneous in concluding that the case at bar lacked a false statement sufficient to support a defamation claim. Thus, we find this assignment of error to be without merit.

3

**ASSIGNMENT OF ERROR #2:**

In his second assignment of error, Mr. Bennett argues that the trial court erred by declining either to order the return of the $2,500.00 paid on the truck or to require Ms. Dauzat to surrender the truck to the appellant.

"Quasi-contracts are *willful* and *lawful* acts [that] give rise to obligations without the concurrence of wills, that is, without the agreement of the persons involved that is necessary for the formation of a contract." SAUL LITVINOFF, 5 LOUISIANA CIVIL LAW TREATISE § 1.6, at 10. "Examples . . . of quasi-contracts are: the management of the affairs of another (negotiorum gestio) and *unjust enrichment*." *Corbello v. Iowa Prod.*, 02-826, p. 3 (La. 2/25/03), 850 So.2d 686, 712 (Knoll, J., dissenting) (citing La.Civ.Code art. 1757) (emphasis added). The claim of unjust enrichment arises when "[a] person . . . has been enriched without cause at the expense of another person [.]" La.Civ.Code art. 2298. "A thing is not owed when it is paid or delivered for the discharge of an obligation that does not exist." La.Civ.Code art. 2300. "A person who has been enriched without cause at the expense of another person is bound to compensate that person . . . The amount of compensation due is measured by the extent to which one has been enriched or the other has been impoverished, whichever is less." La.Civ.Code art. 2298.

Mr. Bennett argues that if, as Ms. Dauzat contends, the $2,500.00 he paid was not for the ownership of the truck in question, then it was paid for the discharge of an obligation that did not exist. We agree. Here, Ms. Dauzat claims that no agreement ever existed whereby she pledged to transfer title to the truck in exchange for Mr. Bennett's payment of her loan balance. In the absence of such a bilateral obligation, Ms. Dauzat has been enriched without cause. As such, we find this

assignment of error to be meritorious. Ms. Dauzat is bound to compensate Mr. Bennett by the amount that she has been unjustly enriched, $2,500.00.

**CONCLUSION:**

For the reasons discussed above, we affirm in part and reverse in part the decision of the trial court. We affirm in that we find that the trial court did not err in holding that Ms. Dauzat did not make defamatory statements. We reverse in that we find the trial court did err in declining to order compensation for Mr. Bennet's unjust enrichment of Ms. Dauzat in the amount of $2,500.00, and we order that such compensation be made now. We also order Ms. Dauzat to pay judicial interest on that $2,500.00 from the point of judicial demand. Costs of this appeal are to be shared equally by both parties.

**AFFIRMED IN PART AND REVERSED IN PART.**